THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TINA PASTERSKI
1424 Admiral Court, Apt. 514
Green Bay, WI 54303
        Plaintiff,
v.

**COMPLAINT AND JURY DEMAND**

**Civil Action No.**

WITT OF GREEN BAY, LLC
1629 Velp Avenue
Green Bay, WI 54303

CO VANTAGE CREDIT UNION
723 Sixth Avenue
Antigo, WI 54409

        Defendants.

Plaintiff, Tina Pasterski, by her attorney Mary Catherine Fons, Fons Law Office, brings this Complaint against Defendants Witt of Green Bay, LLC and Co Vantage Credit Union.

## **INTRODUCTION**

The Witt of Green Bay motor vehicle dealership engaged in a scheme to pressure, manipulate, and defraud Tina Pasterski. In August of 2020, the Witt of Green Bay dealership in Green Bay, Wisconsin manipulated an unsophisticated consumer into signing documents to purchase a 2018 Chevrolet Cruze. As part of the lead up and sales transaction, Witt of Green Bay, through its as yet unidentified male sales representative, and other dealership personnel, intentionally manipulated Pasterski, took advantage of her lack of knowledge and her learning disabilities, falsified Pasterski's income status, source and history to lenders in order to try to get financing for the purchase, and charged Pasterski for two dealer add-on products, a ten year service contract for $4,500.00 and a GAP insurance policy for $895.00, that Pasterski was not told about and never agreed to buy.

1

## JURISDICTION AND VENUE

1. Plaintiff Tina Pasterski ("Pasterski") is, and has been at all times relevant to the facts in this Complaint, an adult citizen and resident of the city of Green Bay, Brown County, Wisconsin.

2. Defendant Witt of Green Bay, LLC, ("Witt of Green Bay") is a Wisconsin limited liability corporation with a primary place of business at 1629 Velp Avenue, Green Bay, Brown County, Wisconsin, and a principal business consisting of the sale and finance of motor vehicles.

3. Defendant Co Vantage Credit Union is a financial institution with a principal place of business at 723 Sixth Avenue, Antigo, Langlade County, Wisconsin.

4. This is an action for actual, statutory, and punitive damages, declaratory and injunctive relief, costs and attorney's fees for Defendants' fraud and violations of the Truth in Lending Act, the Wisconsin Consumer Act, Wisconsin's false advertising statute, and Wisconsin's statutes regulating the sale of motor vehicles.

5. This Court has jurisdiction over Pasterski's Truth in Lending Act ("TILA") claims under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Pasterski's state law claims under 28 U.S.C. § 1367.

7. This Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTS

8. On August 27, 2020, Pasterski agreed to meet a friend at the Witt of Green Bay automobile dealership at 1629 Velp Avenue in Green Bay, Wisconsin, because the friend had received a scratch-off type solicitation from Witt of Green Bay with an invitation to visit the dealership to see what he might have won. Neither Pasterski nor her friend were considering buying a vehicle.

9. Pasterski is a very pleasant and kind, now 50-year old woman. Her special gifts and joys include spending time with family, making crafts, and spending time with her cats. Pasterski has had learning

2

Case 1:21-cv-00327-WCG   Filed 03/15/21   Page 2 of 14   Document 1

disabilities since birth that have limited her comprehension and reading and writing abilities throughout her life. She has received special assistance and tutoring from educators, family members and outside mentors when involved in schooling or other activities that involved numbers, finances, reading or writing.

10. Pasterski's friend who was present at the Witt of Green Bay dealership on August 27, 2020 is a man in his 50s who has physical abilities which prevent him from driving any vehicle without special accommodations.

11. Prior to August 27, 2020, Pasterski had purchased a vehicle at an auto dealership only once in her life and had been accompanied by her mother on that occasion so that her mother could monitor, guide and help her daughter.

12. While at the dealership on August 27, 2020, a Witt of Green Bay male salesperson, as yet unidentified by Witt of Green Bay despite the legal requirement in Wisconsin Administrative Code § Trans 139.05(2) to have that person's name and sales license number in the motor vehicle sales contract and Pasterski's subsequent requests for that information, encouraged and urged both Pasterski and her friend to buy a vehicle. Pasterski describes the salesperson as looking Caucasian, young, and thin.

13. Pasterski and her friend both explained to the salesperson at several times that they had not been looking to buy a vehicle and that they could not buy a vehicle because they each had what they thought were bad credit histories.

14. Pasterski explained to the salesperson several times that her income was social security benefits.

15. Despite the truthful information Pasterski gave to the Witt of Green Bay salesperson, that man continued to try to convince Pasterski to purchase a car that day and kept talking to her and engaging her in ways to try to keep Pasterski at the dealership.

16. At one point there was a woman who also was talking to Pasterski, upon information and belief a finance and insurance officer employed by Witt of Green Bay.

3

Case 1:21-cv-00327-WCG   Filed 03/15/21   Page 3 of 14   Document 1

17. The Witt of Green Bay employees said that they could claim Pasterski and her friend were married in order to get a loan so Pasterski could buy a car. Pasterski told the Witt of Green Bay employees she was not married.

18. At one point on August 27, 2020 the Witt of Green Bay employees invited Pasterski into an office at the dealership to see if the dealership could arrange financing for Pasterski to buy a vehicle. Her friend could not go into the dealership with her because he used a special scooter for transportation due to his physical abilities and the dealership has steps into it and was not accessible for her friend.

19. The sale person then led Pasterski into an office inside the dealership.

20. While in the office Pasterski told the Witt of Green Bay employees that she had a learning disability and did not understand what they were talking to her about. The Witt of Green Bay employees did not stop, and continued to press Pasterski to sign documents to buy a Chevrolet Cruze.

21. When Pasterski repeatedly told Witt of Green Bay that she had no money to make a down payment for a car, the salesperson said Witt of Green Bay would only charge her $50.00 as a down payment and she could buy a Chevrolet Cruze on August 27, 2020 and bring the $50.00 into the dealership after August 27, 2020.

22. While in the office in the dealership the Witt of Green Bay employees apparently asked for Pasterski's signature on a credit application in which Witt of Green Bay had falsified Pasterski's current employment title, employment status, current employer, current employer telephone number, time at current job, income and monthly rent.

23. Pasterski did not learn of the false information on the credit application until she hired an attorney and that attorney requested all of the documentation from the transaction that resulted on August 27, 2020.

24. Pasterski did not provide any false information concerning any of the items on the credit application to anyone at Witt of Green Bay at any time.

25. At no time during Pasterski's visit to Witt of Green Bay on August 27, 2020 did anyone from Witt of Green Bay mention or discuss with Pasterski the purchase of a service contract or a GAP insurance policy.

26. Upon information and belief, Witt of Green Bay contacted Co Vantage Credit Union on August 27, 2020 for the purpose of determining if Co Vantage Credit Union would purchase and accept assignment of a loan from Witt of Green Bay if Witt of Green Bay gave a loan to Pasterski to purchase a vehicle.

27. Upon information and belief Witt of Green Bay arranged for Pasterski to open an account with Co Vantage Credit Union on August 27, 2020 and may have paid a $10.00 deposit to that account.

28. Witt of Green Bay arranged for Pasterski to open an account with Co Vantage Credit Union on August 27, 2020 so that Witt of Green Bay could assign a consumer purchase and financing agreement to Co Vantage Credit Union and receive payment from Co Vantage Credit Union for that agreement.

29. Witt of Green Bay contacted other creditors on August 27, 2020 in an attempt to determine if other creditors would accept an assignment of the consumer purchase and financing agreement if Witt of Green Bay entered into a contract with Pasterski on that day.

30. Upon information and belief, Witt of Green Bay and Co Vantage Credit Union have a written agreement setting forth the terms and conditions whereby Co Vantage Credit Union will accept assignments of consumer purchase and financing agreements from Witt of Green Bay and purchase the agreements.

31. Witt of Green Bay prepared, presented and requested that Pasterski sign a Motor Vehicle Purchase Contract for the purchase of the 2018 Chevrolet Cruze while Pasterski was at Witt of Green Bay on August 27, 2020 and Pasterski signed the document.

32. Witt of Green Bay prepared, presented and requested that Pasterski sign a Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement for the financing of the purchase of

the 2018 Chevrolet Cruze while Pasterski was at Witt of Green Bay on August 27, 2020 and Pasterski signed the document.

33. The Motor Vehicle Purchase Contract and the Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement indicated that Pasterski made no cash down payment even though Pasterski was required by Witt of Green Bay to make a $50.00 cash down payment.

34. The Motor Vehicle Purchase Contract and the Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement indicated that Pasterski agreed to pay Witt of Green Bay $4,500.00 for a service contract. Witt of Green Bay did not ask Pasterski if she wanted such a product, explain the product, or discuss the product with her before adding it to the Motor Vehicle Purchase Contract and the Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement.

35. The Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement indicated that Pasterski agreed to pay Witt of Green Bay $895.00 for a GAP insurance policy. Witt of Green Bay did not ask Pasterski if she wanted such a product, explain the product, or discuss the product with her before adding it to the Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement.

36. Witt of Green Bay made untrue statements and representations about Pasterski agreeing to purchase a service contract and a GAP insurance policy.

37. The Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement identified the "Amount Financed" as being $25,235.50.

38. The Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement identified the Annual Percentage Rate as being 3.99 %.

39. The Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement identified the "Finance Charge" as being $3,230.42.

40. The "Amount Financed," "Annual Percentage Rate" and "Finance Charge" disclosures made by Witt of Green Bay were not accurate or true because the price of the service contract and GAP insurance policy added by Witt of Green Bay without Pasterski's knowledge or permission are "Finance Charges" and should have been included in that disclosure. Instead, Witt of Green Bay included the price of the service contract and the GAP insurance policy in the "Amount Financed."

41. Had Witt of Green Bay properly included the price of the service contract and the GAP insurance policy in the "Finance Charge" calculation, the "Amount Financed" would have been accurately less than $25,000.00.

42. All of the untrue statements and representations made in the Motor Vehicle Purchase Contract and Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement were made to Pasterski by Witt of Green Bay with the intent to sell Pasterski the vehicle.

43. Pasterski was a member of the public when Witt of Green Bay made the untrue statements and representations in the Motor Vehicle Purchase Contract and Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement.

44. Pasterski signed purchase and financing documents for the 2018 Chevrolet Cruze at Witt of Green Bay on August 27, 2020.

45. The salesperson drove the 2018 Chevrolet Cruze to Pasterski's apartment on August 27, 2020.

46. Upon information and belief Witt of Green Bay assigned the Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement to Co Vantage Credit Union and received payment from Co Vantage Credit Union.

47. Co Vantage Credit Union is subject to all claims and defenses which Pasterski has against Witt of Green Bay, pursuant to the Federal Trade Commission Preservation of Claims and Defenses Rule.

48. On August 28, 2020, Pasterski returned to Witt of Green Bay to pay the $50.00 down payment and gave the money to the salesperson.

49. On August 28, 2020 Pasterski returned to Witt of Green Bay with a friend so that the friend could help explain Pasterski's inability to pay for the vehicle and Pasterski's limitations due to her learning disability. Witt of Green Bay refused to let Pasterski return the vehicle and cancel the transaction.

50. On August 30, 2020, Pasterski returned to Witt of Green Bay with her Mother so that her Mother could help explain Pasterski's inability to pay for the vehicle, Pasterski's limitations due to her learning disability and Pasterski's asset limitations for the income assistance she receives. Pasterski and her Mother met with the salesperson and with an individual who identified himself as a manager and said his name was "Tiny." Tiny said that the deal was final and that if Pasterski could not pay she should just let Co Vantage Credit Union take the vehicle.

51. Pasterski paid one monthly payment on the purchase loan, and has paid monthly payments to keep insurance on the vehicle.

52. Pasterski was forced to hire an attorney if she wanted to get Witt of Green Bay or Co Vantage Credit Union to offer her any relief for her complaints about the conduct of Witt of Green Bay.

53. Pasterski, through her attorney, made multiple attempts to reach a reasonable settlement for Pasteski's claims for Witt of Green Bay's conduct before filing this lawsuit, but was unsuccessful.

54. Prior to filing this lawsuit Pasterski took the proper steps to cancel the service contract and GAP insurance policy but did not receive a refund of the amount Witt of Green Bay had charged her in the sales documents.

55. Witt of Green Bay was aware at the time of the transaction that Pasterski did not know it included a service contract and GAP insurance policy or the costs for those products.

56. Witt of Green Bay included the price of the service contract and the GAP insurance policy to make additional profit for the dealership.

57. Upon information and belief Witt of Green Bay included the service contract and GAP insurance policy in the documents in order to defraud Pasterski and Co Vantage Credit Union and/or other finance

companies that may fund the loan and take an assignment of the Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement or purchase the contract from Witt of Green Bay.

58. The Witt of Green Bay Truth in Lending Act disclosures on the Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement inaccurately identify the Amount Financed as $23,235.50 because Witt of Green Bay included in that category the cost of the service contract and GAP insurance policy which Pasterski did not know about or agree to purchase. The amount financed should not have included those amounts and should have been properly disclosed as an amount less than $25,000.00.

59. Upon information and belief Witt of Green Bay included other amounts in the category of "Amount Financed" which should have been included in the category "Finance Charge."

60. Upon information and belief Witt of Green Bay received a significant portion of the $4,500.00 and $895.00 proceeds from the fraudulent sale of the service contract and GAP insurance policy to Pasterski.

61. Witt of Green Bay acted with intentional disregard of Pasterski's rights and acted maliciously towards Pasterski.

62. Witt of Green Bay's conduct in the transaction caused damage and pecuniary loss to Pasterski and Pasterski is entitled to recover all pecuniary loss and damages from Witt of Green Bay.

63. Pasterski is also entitled to recover damages, costs and attorney fees from Co Vantage Credit Union under the Federal Trade Commission Preservation of Claims and Defenses Rule.

64. The individuals at Witt of Green Bay who had contact with Pasterski on August 27, 2020 and after that were employees of Witt of Green Bay and were acting as agents for Witt of Green Bay.

65. Pasterski suffered pecuniary loss and actual damages, inclusive of, but without limitation: the amounts identified on the Motor Vehicle Purchase Contract and Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement; all payments made to Witt of Green Bay and

9

afterwards on the loan to Co Vantage Credit Union; the price of the service contract and GAP insurance policy; the costs of keeping the car insured, all as a result of the illegal conduct of Witt of Green Bay and Co Vantage Credit Union.

## FIRST CLAIM
## TRUTH IN LENDING ACT

66. Pasterski incorporates by reference the allegations of all preceding paragraphs.

67. Pasterski is a "consumer" within the meaning of the Truth in Lending Act. 15 U.S.C. § 1602(i).

68. Witt of Green Bay is a "creditor" within the meaning of TILA. 15 U.S.C. § 1602(g).

69. The credit extended to Pasterski by Witt of Green Bay is for personal, family or household purposes. 15 U.S.C. § 1602(i).

70. Witt of Green Bay failed to provide accurate, clear and conspicuous disclosures as required by the Truth in Lending Act and Regulation Z.

71. On the Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement, Witt of Green Bay made the following disclosures regarding the loan it provided to Pasterski:

    (1) APR – 3.99 %;

    (2) Finance Charge - $3230.42;

    (3) Amount Financed - $23,235.50;

    (4) Total of Payments - $28,465.92;

    (5) Down Payment - $0.00;

    (6) Total Sale Price - $28,465/93;

    (7) Number of Payments – 72; and

    (8) Amount of Each Payment - $395.36.

72. The Witt of Green Bay Truth in Lending Act disclosures inaccurately identify the service contract and GAP insurance policy (1) as an item ever agreed to by Pasterski; and (2) as an item in the category of "Amount Financed." Therefore, all of the disclosures are inaccurate in violation of Reg. Z § 226.18.

73. As a result of these violations of TILA and Regulation Z, Witt of Green Bay and Co Vantage Credit Union are liable to Pasterski for:

   a. Statutory damages pursuant to 15 U.S.C. § 1640,

   b. Actual damages in an amount to be determined pursuant to 15 U.S.C. § 1640, and

   c. Costs and attorneys' fees in accordance with 15 U.S.C. § 1640.

## SECOND CLAIM
## DECEPTIVE SALES
## WISCONSIN STATUTE § 100.18

74. Pasterski incorporates by reference the allegations of all preceding paragraphs.

75. Witt of Green Bay made untrue, deceptive, and misleading representations and statements in violation of Wis. Stat. § 100.18 in an effort to sell a motor vehicle to Pasterski.

76. Pasterski suffered pecuniary loss because of the violations of Wis. Stat. § 100.18 by Witt of Green Bay. Pasterski is entitled to recover the pecuniary loss, together with costs and reasonable attorneys' fees, from Witt of Green Bay and Co Vantage Credit Union.

## THIRD CLAIM
## VIOLATION OF WIS. STAT. § 423.301

77. Pasterski incorporates by reference the allegations of all preceding paragraphs.

78. Witt of Green Bay is a "merchant" as defined by Wis. Stat. § 421.301(25).

79. The transaction between Witt of Green Bay and Pasterski was a "consumer credit transaction" as that term is defined in Wis. Stat. § 421.301(10).

80. Pasterski was a "customer" as that term is defined in Wis. Stat. § 421.301(17).

81. Witt of Green Bay made false, misleading, and deceptive statements that were prohibited by Wis. Stat. § 423.301.

82. Pasterski is entitled to the remedies set forth in Wis. Stat. §§ 423.302, 425.305, 425.306 and 425.308.

### FOURTH CLAIM
### VIOLATIONS OF WIS. STAT. § 218.0116

83. Pasterski incorporates by reference the allegations of all preceding paragraphs.

84. Witt of Green Bay is a "motor vehicle dealer" as defined by Wis. Stat. § 218.0101(23).

85. Pasterski is a "motor vehicle buyer" as defined by Wis. Stat. § 218.0101(22m).

86. Witt of Green Bay violated at least Wis. Stat. §§ 218.0116(bm), (c), (dm), (e), (f), and (m).

87. Pasterski suffered pecuniary loss as a result of Witt of Green Bay's violations of Wis. Stat. §§ 218.0116 (bm), (c), (dm), (e), (f), and (m).

88. Pasterski is entitled to recover her damages, together with costs, including reasonable attorney's fees, from Witt of Green Bay, pursuant to Wis. Stat. § 218.0163(2).

### FIFTH CLAIM
### VIOLATIONS OF WIS. STAT. § 422.501-506

89. Pasterski incorporates by reference the allegations of all preceding paragraphs.

90. Witt of Green Bay is a "credit services organization" as defined in Wis. Stat. § 422.501(2).

91. Pasterski is a "buyer" as defined in Wis. Stat. § 422.501(1).

92. Witt of Green Bay did not register as a credit services organization as required by Wis. Stat. § 422.502.

93. Witt of Green Bay never provided Pasterski with a written contract for credit services as required by Wis. Stat. § 422.505.

94. Witt of Green Bay did not provide, and Pasterski did not receive, the cancellation notice required by Wis. Stat. § 422.505 so Pasterski had the continuing right to cancel the contract when she did.

95. Pasterski made a written cancellation of the contracts on December 28, 2020.

96. Through its use of untrue and misleading representations in the transaction, and because it failed to provide a credit services organization contract, Witt of Green Bay violated at least Wis. Stat. §§ 422.503 and 422.505.

97. Pasterski is entitled to the remedies as set forth in Wis. Stat. §§ 425.305, 425.306 and 425.308.

## SIXTH CLAIM
## VIOLATIONS OF WIS. STAT. Ch. 427

98. Pasterski incorporates by reference the allegations of all preceding paragraphs.

99. Witt of Green Bay is a "debt collector" as defined in Wis. Stat. § 427.103(3).

100. Co Vantage Credit Union is a "debt collector" as defined in Wis. Stat. § 427.103(3).

101. Witt of Green Bay and Co Vantage Credit Union engaged in "debt collection" as defined in Wis. Stat. § 427.103(2).

102. Any alleged debt owed by Pasterski to Witt of Green Bay or Co Vantage Credit Union is a "claim" as defined in Wis. Stat. § 427.103(1).

103. Witt of Green Bay and Co Vantage Credit Union engaged in prohibited debt collection as defined in Wis. Stat. § 427.104.

104. Pasterski is entitled to recover the remedies set forth in Wis. Stat. §§ 427.105, 425.304 and 425.30

## PUNITIVE DAMAGES

105. Pasterski is entitled to recover punitive damages from Witt of Green Bay in an amount to be determined at trial.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendants on the claims set forth in this Complaint, and for pecuniary loss and actual, statutory, and punitive damages to

be determined at trial; that a declaration be entered that Defendants violated the above statutes and laws, and that the Motor Vehicle Purchase Contract and the Motor Vehicle Consumer Simple Interest Installment Sale and Security Agreement are void; that injunctive relief be granted barring the collection of any monies purportedly owed under the contracts and requiring Defendants to correct any credit reports they have made regarding Plaintiff; that Plaintiff be awarded costs and reasonable attorneys' fees; and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 15th day of March, 2021.

/s/ Mary Catherine Fons

_____
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI  53589-2448
Phone: 608-873-1270
*Fax:* 608-873-0496
mfons@chorus.net

**ATTORNEY FOR PLAINTIFF**